# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE: 3:10cv523-RJC

| | |
|---|---|
| EMANUEL GLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CHARLOTTE CORRECTIONAL CENTER, ) | |
| CORRECTIONAL OFFICER YOUNG, ) | |
| SERGEANT ELLIS, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed October 20, 2010. (Doc. No. 1.)

Plaintiff contends that on June 9, 2008 Correctional Officer Young directed that he open his locker for a search. During the search a "pack out ' was found in Plaintiff's locker. Officer Young then ordered Plaintiff to leave the dormitory. Once outside, Officer Young sprayed mace into Plaintiff's eyes and proceeded to kick and punch Plaintiff in his back and head. Plaintiff then alleges that Sergeant Ellis ordered that he be handcuffed and shackled and taken to Carolinas Medical Center where his eyes were irrigated and treated. Plaintiff contends that as a result of the incident with Officer Young, he experienced pain and suffering due to decreased vision. Plaintiff adds that Officer Yong was officially reprimanded by the North Carolina Department of Corrections. Plaintiff aks that the Court grant him "compensation, as a result of being pepper sprayed and battered. Injuries that required medical treatment which left [him] mentally, emotionally and physically scared." Plaintiff seeks compensatory, punitive, and

nominal damages totaling $75,000.00.[1]  (Doc. No. 1 at 4.)

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law.  A pro se complaint in a proceeding in forma pauperis must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Title 28 U.S.C. § 1915A directs the Court to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims or dismiss the complaint, or parts thereof.  The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's claims against the Charlotte Correctional Center and Sergeant Ellis must be dismissed.  The Clerk shall issue summons as to Defendant Correctional Officer Young.

The claim against the Charlotte Correctional Center is dismissed because the Center is not a "person" under § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.").  The Eleventh Amendment prohibits actions in federal court by individuals against a state unless the state has consented to suit or unless Congress has lawfully abrogated the states' Eleventh Amendment immunity.  Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).  This rule applies "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes."  Will, 491 U.S. at 70.  For Eleventh Amendment purposes, the North Carolina Department of Corrections, is considered an arm of the State of North Carolina.  Savage v. North Carolina Dep't. of Corr., No. 5:06-CV-171-FL, 2007 WL 2904182, at *15 (E.D.

---

[1] Petitioner filed a similar complaint on April 29, 2010, which was dismissed on initial review for failure to state a claim against the only named defendant, the superintendent of Charlotte Correctional Center.  (3:10cv205-GCM.)

2

N.C. Sept. 29, 2007) (citing Pope v. N.C. Dep't of Corr., No. 5:97-871-BO, 1998 U.S. Dist. LEXIS 9300, at *6 (E.D. N.C. 8 May 1998); Pharr v. Garibaldi, 252 N.C. 803, 808-09, 115 S.E.2d 18, 22-23 (1960) (holding that a suit against the "State Prison Department [the NCDC] ... is essentially a suit against the State"); Hamilton v. Freeman, 147 N.C.App. 195, 204, 554 S.E.2d 856, 861 (2001) (noting that the NCDC is part of North Carolina's executive branch)). Accordingly, the Charlotte Correctional Center, a North Carolina Department of Correction facility, cannot be sued under § 1983.

As for Sergeant Ellis, the allegation is that he ordered Plaintiff handcuffed and shackled before being sent to the hospital in "violation of [North Carolina Department of Correction] Policy and Procedures."  (Doc. No. 1 at 3.)  A claim that a defendant violated department policy or procedures does not, by itself, constitute a constitutional violation.  See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir.1996); see also Morris v. City of Danville, 744 F.2d 1041, 1048 n.9 (4th Cir.1984) (recognizing that the "mere fact that a state agency violates its own procedures does not, ipso facto, mean that it has contravened federal due process requirements"). Plaintiff has failed to allege any constitutional violation on the part of Sergeant Ellis, and the claim against him, therefore, will be dismissed.

After careful review of the Plaintiff's Complaint, the undersigned finds that Defendant Young should file an Answer to Plaintiff's claim that he sprayed pepper spray in Plaintiff's eyes and punched and kicked him in the head and back.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Defendants Charlotte Correctional Center and Sergeant Ellis are dismissed and should be removed from the caption of this case,

2. The Clerk shall provide a copy of this Order to the Superintendent of the

Charlotte Correctional Center;

3. The Superintendent of the Charlotte Correctional Center shall within twenty (20) days of the filing of this Order, file a document in this Court stating the full name of Defendant Young and whether he remains employed at the Charlotte Correctional Center, and providing a forwarding address if he is no longer employed at that facility. If Defendant Young is no longer employed at the Charlotte Correctional Center, the Superintendent shall file the document under seal;

4. The Clerk of Court, upon receipt of the document identifying Defendant Young, shall issue summons for Defendant Young and deliver it forthwith to the U.S. Marshall who will make service of process without additional cost;

5. The Clerk of Court also shall change the docket to reflect Defendant Young's first and last name; and

6. Defendant Young shall file an Answer to the claim in Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure.

Signed: November 15, 2010

Robert J. Conrad, Jr.
Chief United States District Judge