IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE NO. 3:10cv523

| | |
|---|---|
| EMANUEL GLOVER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ARTHUR DEVON YOUNG, ) <br> ) <br> Defendant. ) <br> _____) | **ORDER and NOTICE** |

**THIS MATTER** is before the Court upon Defendant's Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Doc. No. 10).

A motion for judgment on the pleadings is decided using the same standard as a motion to dismiss for failure to state a claim upon which relief may be granted made pursuant to Rule 12(b)(6). Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) (citation omitted). To withstand such a motion, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In other words, Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). In considering the Complaint, "the court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. Monroe v. City of Charlottesville, Va., 579 F.3d 380, 385-86 (4th Cir. 2009) (internal quotation marks, brackets and citation omitted).

Defendant moves for judgment on the pleadings on the ground that Plaintiff failed to exhaust his administrative remedies prior to filing his complaint. (Doc. No. 11). The Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. S. § 1997e(a). To be entitled to bring suit in federal court, a prisoner must have utilized "all steps that the agency holds out, and [done] so *properly* (so that the agency addresses the issues on the merits.)" Woodford v. Ngo, 548 U.S. 81, 90 (2006) (internal quotation marks and citation omitted). Exhaustion is mandatory, and unexhausted claims cannot be brought in federal court. Jones v. Bock, 549 U.S. 199, 211 (2007).

However, exhaustion is an affirmative defense, and Plaintiff was not required to prove exhaustion in his Complaint. Jones, 549 U.S. at 216. He, therefore, will be given an opportunity to come forward with any facts not contained in the pleadings that might show that he exhausted all available steps in the administrative remedies procedure prior to filing his § 1983 action. See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (citing Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005) (holding that a *pro se* § 1983 complaint can be dismissed *sua sponte* for failure to exhaust administrative remedies provided that the prisoner first has been given an opportunity to address the exhaustion issue)).

Plaintiff is advised that in determining whether to grant the Motion for Judgment on the Pleadings, the Court may take judicial notice of matters of public record and may consider documents attached to the Complaint as well as those attached to the Motion for Judgment on the Pleadings, so long as those documents "are integral to the complaint and authentic." Phillips v. Pitt County Memorial Hospital, 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted).

Plaintiff is further advised that if he chooses to file documents, affidavits, or declarations[1] as evidence in opposition to Defendant's Motion for Judgment on the Pleadings, such action may result in the conversion of the Motion for Judgment on the Pleadings to a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

**IT IS, THEREFORE, ORDERED** that Plaintiff has thirty (30) days from the entry of this Order to file his response to the Motion for Judgment on the Pleadings. <u>Plaintiff's failure to respond may result in the Court granting a judgment on the pleadings for Defendant and dismissing Plaintiff's § 1983 Complaint</u>.

The Clerk is directed to send copies of this Order and Notice to the parties, including Emanuel Glover, PID # 147613, Mecklenburg County Jail, PO Box 34429, Charlotte, NC 28234-4429.

Signed: February 8, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

---

[1] A declaration is a written statement subscribed as true under penalty of perjury. 28 U.S.C. § 1746. An affidavit is a written statement sworn before a notary public. <u>Black's Law Dictionary</u>, 62 (8th ed. 2004). Affidavits and declarations must be made on personal knowledge and set out facts that would be admissible in evidence. Fed. R. Civ. P. 56(c)(4).