IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-523–RJC

| | |
|---|---|
| EMANUEL GLOVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ARTHUR DEVON YOUNG, Correctional ) | |
| Officer ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court upon Defendant Young's Motion for Judgment on the Pleadings (Doc. No. 10) and Motion for Temporary Stay of Rule 56 Proceedings (Doc. No. 17), filed in response to Plaintiff's Motion for Summary Judgment (Doc. No. 16).

## I. FACTUAL AND PROCEDURAL HISTORY

On October 20, 2010, Plaintiff filed a Complaint in this Court pursuant to 42 U.S.C. § 1983, alleging that on June 9, 2008, Defendant Young directed that he open his locker at the Charlotte Correctional Center for a search. During the search a "pack out" was found in Plaintiff's locker. Officer Young then ordered Plaintiff to leave the dormitory. Once outside, Officer Young sprayed mace into Plaintiff's eyes and proceeded to kick and punch Plaintiff in his back and head. Plaintiff then alleges that Sergeant Ellis ordered that he be handcuffed and shackled and taken to Carolinas Medical Center where his eyes were irrigated and treated. Plaintiff contends that as a result of the incident with Officer Young, he experienced pain and suffering due to decreased vision. Plaintiff adds that Officer Young was officially reprimanded

by the North Carolina Department of Correction (NCDOC). (Doc. No. 1 at 3).[1] Plaintiff aks that the Court grant him "compensation, as a result of being pepper sprayed and battered. Injuries that required medical treatment which left [him] mentally, emotionally and physically scared." (Id. at 8). Plaintiff seeks compensatory, punitive, and nominal damages totaling $75,000.00. (Id. at 4).

Upon initial review of the Complaint, the Court ordered that Sergeant Ellis and the Charlotte Correctional Center be dismissed as defendants and that Defendant Young file an answer to the Complaint. (Doc. No. 3 at 2-4). Defendant Young filed an Answer (Doc. No. 9) and the instant Motion for Judgment on the Pleadings on the grounds that Plaintiff had failed to exhaust his administrative remedies with respect to his allegations against Defendant Young (Doc. No. 10). Plaintiff filed both his Response in opposition to the Motion for Judgment on the Pleadings (Doc. No. 14) and a Motion for Summary Judgment (Doc. No. 16). Defendant Young filed the instant Motion to Stay Rule 56 proceedings until the Court has ruled on his own Motion for Judgment on the Pleadings. (Doc. No. 17). For the reasons stated below, Defendant's Motion for Judgment on the Pleadings shall be denied, and Defendant's Motion to stay shall be dismissed as moot.

## II. LEGAL STANDARD

While a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) is separate and distinct from a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the distinction is one without a difference [because federal courts] apply[ ] the same standard for Rule 12(c) motions as for motions made pursuant to Rule 12(b)(6)." Burbach Broadcasting Co. v. Elkins

---

[1] Unless otherwise indicated, the page numbers in docket citations are those assigned by CM/ECF, the Court's electronic filing system.

Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002); accord Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) ("[V]iewing the Defendants' motion as a Rule 12(c) motion does not have a practical effect upon our review, because we review the district court's dismissal de novo and in doing so apply the standard for a Rule 12(b)(6) motion").

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009) (quoting Bell Atlantic, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

## III. DISCUSSION

Under the Prison Litigation Reform Act (PLRA), an inmate is required to exhaust any available administrative remedies before pursuing a § 1983 action in federal court. 42 U.S.C. § 1997e(a) (2010). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 532 (2002). The exhaustion requirement is mandatory. Id. at 524. Therefore, to be entitled to bring a § 1983 action in federal court, "a prisoner must have utilized all available remedies 'in accordance with the applicable procedural rules,' so that prison officials have been

3

given an opportunity to address the claims administratively." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006)). However, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of [the administrative remedy]." Id. (citation omitted).

The NCDOC provides a three-step administrative remedy procedure (ARP) for prisoner complaints. Step 1 of the procedure allows for the filing of grievances on a "Form DC-410." (Doc. No. 9-2: NCDOC ARP at § .0304(a)). Under the rules, the inmate must receive a formal written response to his grievance within 15 days from the date on which the grievance is accepted. (Id. at § .0307(f)(1)). Should the inmate decide to appeal, he will receive a Step 2 written response within 20 days from the appeal request. (Id. at § .0307(f)(2)). And should the inmate decide to appeal further, he will receive a Step 3 written response within 50 days from the date of that appeal. (Id. at § .0307(f)(3)-(4)). Ordinarily, a prisoner's grievance must advance through all three steps in order for it to be considered exhausted.

Defendant Young contends that the Complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies. In support, Defendant has attached a copy of Plaintiff's grievance, which shows that Plaintiff did not appeal his Step 1 response as required for exhaustion purposes. (Doc. No. 9-1: Inmate Grievance at 4). However, as Plaintiff points out in his Response (Doc. No. 14), the ARP rules require that if the institution's formal response to an inmate's grievance exceeds 15 days at Step 1, the grievance is forwarded automatically to Step 2 for review. (Doc. No. 9-2: NCDOC ARP at § .0307(c)). In Plaintiff's case, his grievance was accepted for Step 1 review on June 26, 2008, but the formal response was not issued until September 4, 2008. (Doc. No. 9-1: Inmate Grievance at 4). Under the ARP rules, Plaintiff's

4

grievance should have been transferred to Step 2 without Plaintiff having to formally appeal the Step 1 response, (Doc. No. 9-2: NCDOC ARP at § .0307(c)), but there is no evidence that this occurred.

Administrative remedies are considered exhausted when prison officials fail to timely respond to a properly filed grievance. Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) ("[A]dministrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance."); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) ("[T]he failure [of prison officials] to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable."); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (stating that prison's failure to timely respond renders administrative remedies unavailable); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) ("[O]nce [the prison] failed to respond to [the prisoner's written grievance], no further administrative proceedings were 'available' to him."); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (per curiam) ("A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired."). The fact that Plaintiff's grievance was not forwarded to Step 2 for review may be attributable to the fact that Plaintiff was released from DOC custody and transferred to the Mecklenburg Country Jail on July 31, 2008, more than a month before Step 1 review of his grievance was completed, to serve active terms for probation violations.[2] Under the ARP, when an inmate is released from DOC custody prior to completion of the three-step grievance review process, review is

---

[2] N. C. DOC Offender Public Information, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0882341 (last visited June 21, 2011).

5

completed at the current step, and the grievance process is considered complete. (Doc. No. 9-2: NCDOC ARP at § .0311(c)).

The PLRA only requires an inmate to exhaust only those administrative remedies available to him. 42 U.S.C. § 1997e(a); Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Nothing in the pleadings indicates that DOC administrative remedies remained available to Plaintiff after his release from DOC custody on July 31, 2008. See e.g., Bradley v. Washington, 441 F. Supp. 2d 97, 102-103 (D.D.C. 2006) (holding that the prisoner's transfer from a state facility to a federal facility appeared to have rendered unavailable administrative remedies for two of his claims). Therefore, Defendant's Motion for Judgment on the Pleadings on the ground that Plaintiff failed to exhaust his available administrative remedies must be denied. Anderson v. XYZ Corr. Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) (holding that defendants have the burden of proving the plaintiff failed to exhaust his administrative remedies).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED that:**

1. Defendant's Motion for Judgment on the Pleadings (Doc. No. 10) is **DENIED;**
2. Defendant's Motion to Temporarily Stay Rule 56 Proceedings (Doc. No. 17) is **DISMISSED** as moot; and
3. If Defendant intends to file an additional dispositive motion, he shall have thirty (30) days from the issuance of this Order in which to do so. Should Defendant decide not to file an additional dispositive motion, he shall file a notice of that decision in this Court within fourteen (14) days of the issuance of this Order.

Signed: August 9, 2011

Robert J. Conrad, Jr.
Chief United States District Judge